IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JACOBSON, Derivatively on Behalf of Nominal Defendant VIEW, INC.,<br><br>Plaintiff,<br>v.<br><br>RAO MULPURI, NIGEL GORMLY, HAROLD HUGHES, TOM LEPPERT, TOBY COSGROVE, LISA PICARD, and JULIE LARSON-GREEN,<br><br>Defendants,<br><br>and,<br><br>VIEW, INC.,<br><br>Nominal Defendant. | Case No.: 21-cv-01719-LPS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO TEMPORARILY STAY DERIVATIVE ACTION** |

Plaintiff Matthew Jacobson ("Plaintiff"), derivatively on behalf of View Inc. ("View" or "the Company"), and Rao Mulpuri, Nigel Gormly, Harold Hughes, Tom Leppert, Toby Cosgrove, Lisa Picard, and Julie Larson-Green ("Individual Defendants") and with View, Inc., Nominal Defendant ("View" or "the Company"), (collectively "Defendants") and together with Plaintiff (collectively, the "Parties") jointly submit this Joint Stipulation to Temporarily Stay Derivative Action ("Stipulation"), and in support thereof state as follows:

WHEREAS, Plaintiff Jacobson filed an action captioned *Jacobson v. Mulpuri, et al.*, Civil Action No. 1:21-cv-01719-LPS (D. Del.) purportedly in the right, and for the benefit of View against all Individual Defendants seeking to remedy Individual Defendants' alleged breach of fiduciary duties, waste of corporate assets and against Defendant Mulpuri for violations of Section 10(b) and 21D of the Securities Exchange Act of 1934 ("Exchange Act"), that it is alleged caused

substantial harm to View (the "Derivative Litigation");

WHEREAS, pending in the United States District Court for the Northern District of California is a putative securities class action captioned *Mehedi v. View, Inc. f/k/a CF Finance Acquisition Corp. II, et al.*, Civil Action No.: 5:21-cv-6374 (the "Securities Litigation");

WHEREAS, there is an overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the relevance of many of the same documents and witnesses;

WHEREAS, View and Mulpuri, named defendants in the Derivative Litigation, are also named as defendants in the Securities Litigation (the "Securities Litigation Defendants");

WHEREAS, the Securities Litigation Defendants anticipate filing a motion to dismiss for failure to state a claim;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as result, until the court in the Securities Litigation decides the anticipated motion to dismiss to be filed by the Securities Litigation Defendants, the Securities Litigation will be stayed;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings which the Parties anticipate will commence by operation of law following the filing of a motion to dismiss in the Securities Litigation, that the Derivative Litigation should be voluntarily stayed on the terms set forth below.

WHEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and

respectfully request that the Court enter an order as follows:

1. The Derivative Litigation, including but not limited to all motion practice, obligations to respond to the operative complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until fifteen (15) days after the earlier of the following events: (a) the Securities Litigation is dismissed in its entirety with prejudice and all appeals related thereto have been exhausted or is resolved or dismissed by settlement; (b) the motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter of law; or (c) either of the Parties to this Stipulation gives a twenty (20) day notice that they no longer consent to the voluntary stay of the Derivative Litigation.

2. If this stay of proceedings expires pursuant to Paragraph 1 above, the Parties shall within fifteen (15) days after the expiration of the stay meet and confer and submit a proposed scheduling order governing further proceedings in the Derivative Litigation, including the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in the Derivative Litigation. Nothing in this Stipulation shall prevent or prejudice Defendants from moving for a continued stay of proceedings based on the pendency of other legal actions, or a change in facts related to this case or other legal actions.

3. Defendants shall promptly notify Plaintiffs upon becoming aware of any related derivative actions or actions under Section 220 of the Delaware General Corporation Law, 8 Del. C. § 220.

4. The Parties agree that during the pendency of this stay, Defendants shall inform Plaintiff promptly upon the scheduling of any mediation or settlement talks with the plaintiff in the Securities Litigation or with the plaintiffs in any other derivative actions that assert claims substantially similar to the claims asserted by Plaintiff herein, and shall make a good faith effort

to include Plaintiff in such mediation or settlement talks. In the event that Defendants' good faith efforts do not result in including Plaintiff in the mediation or settlement talks described in the foregoing sentence, then Defendants agree to mediate with Plaintiff in the Derivative Litigation at or about the same time.

5. The Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint. Without waiving any defenses or objections, Defendants need not answer or otherwise respond to the Complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this stay.

6. In the event that during the pendency of the stay Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents in the Securities Litigation or in any derivative litigation or pursuant to any shareholder demand for an inspection of books and records asserting the same or substantially similar claims, then copies of such documents concerning the conduct challenged in the Derivative Litigation shall be provided to Counsel for Plaintiff within ten (10) days of such production.

7. Any production of documents described in Paragraph 6 above that Defendants make to Plaintiff shall be contingent on Plaintiff's agreement to be bound by any agreement or order governing the treatment of confidential information on substantially identical terms as any agreement or order entered into by the parties in the Securities Litigation or in any such derivative litigation, or in connection with any such shareholder demand. The provision of any such discovery materials will not constitute a waiver of, or in any way limit, Defendants' right to move to dismiss the Derivative Litigation on any applicable ground, including but not limited to for failure to adequately plead demand futility, or make a pre-suit demand.

8. The parties to this Derivative Litigation are not waiving any rights, claims, or defenses of any kind, including jurisdictional defenses, and no part of this stipulation shall be construed as a waiver of any rights, claims, or defenses.

DATED: February 8, 2022

**BIELLI & KLAUDER, LLC**

By: */s/ Ryan M. Ernst*
　　Ryan M. Ernst (#4788)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 803-4600
Facsimile: (302) 397-2557
Email: rernst@bk-legal.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

By: */s/ R. Judson Scaggs, Jr.*
　　R. Judson Scaggs, Jr. (#2676)
　　Thomas P. Will (#6086)
　　Evan D. Sweeney (#6930)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 351-9340
Email: rscaggs@morrisnichols.com
Email: twill@morrisnichols.com
Email: esweeney@morrisnichols.com

**MUNGER, TOLLES & OLSON LLP**
Robert L. Dell Angelo
John M. Gildersleeve
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100
Email: robert.dellangelo@mto.com
Email: john.gildersleeve@mto.com

*Attorneys for Defendants*

IT IS SO ORDERED this _____ day of _____, 2022.

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE